UNITED STATES of America

v.

VARIOUS ARTICLES OF DEVICE IDENTIFIED IN ATTACHMENT "A" Which Include Sporicidin Brand Disinfectant Agents and Sporicidin Cold Sterilizing Solution.

No. CIV-2-91-416.

United States District Court,
E.D. Tennessee,
at Greeneville.

Motion to Dismiss Denied Feb. 26, 1992.

Motion to Withdraw Denied Oct. 13, 1992.

Gail L. Schmerfeld, Asst. Chief Counsel for Enforcement, Food and Drug Admin., D. Gregory Weddle, Asst. U.S. Atty., Knoxville, TN, for U.S.

Robert Van de Vurst, Jeffrey H. Benedict, Baker, Worthington, Crossley, Stansberry & Woolf, Johnson City, TN, for Chem-Mix.

Bruce Shine, Kingsport, TN, and Donald E. Segal, Robert G. Pinco, Judith R. Brunton, Marshall L. Miller, Baker & Hostetler, Washington, DC, for Sporicidin.

ORDER

February 26, 1992

HULL, District Judge.

■ This seizure action is before the Court to consider a motion to dismiss filed by the defendants based upon lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. After a careful review of the record as a whole, the Court finds that Sporicidin's disinfecting products are devices within the meaning of the FFDCA, 21 U.S.C. § 321(h) because they are intended for the mitigation and prevention of disease in man, and specifically for use on equipment used in medical treatment rooms. The Court also finds that this Court has jurisdiction over this matter pursuant to 21 U.S.C. § 334 which provides that any adulterated or misbranded device is liable to be proceeded against on libel of information in any district court of the United States within the jurisdiction of which such devices are found. Accordingly, it is hereby ORDERED that the defendants' motion to dismiss is DENIED.

ORDER

October 13, 1992

HULL, District Judge.

This is a civil forfeiture action brought pursuant to the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 334, requesting that this Court seize and condemn certain "articles of device" (disinfecting agents and sterilizing solutions) because they are adulterated or misbranded. The articles were arrested on December 13, 1991, pursuant to the Court's Warrant of Arrest *in Rem.* On December 19, 1991, Sporicidin International, Inc. submitted a claim to the seized articles. In a letter of January 15, 1992, Chem-Mix, Inc., a contract manufacturer of Sporicidin disinfectant products, also filed a claim to the seized articles.

The case is now before the Court on Sporicidin's motion to withdraw its claim of interest [Doc. 30]; the United States' opposition to withdrawal [Doc. 33]; and the United States' motion for partial summary judgment [Doc. 31]. These motions present an interesting question.

According to the United States, by intervening as a claimant in this forfeiture case, Sporicidin has subjected itself *in personam* to the jurisdiction of this Court. Any judgment condemning the seized devices will be *res judicata* against Sporicidin and those in privity of contract with it in any subsequent litigation brought by the United States involving the same issues. *See United States v. Sandoz Pharmaceuticals Corp.*, 894 F.2d 825 (6th Cir.1990). The United States argues that the public is entitled to a *res judicata* judgment and points out that, because Sporicidin did intervene in this case, the government has now invested substantial amounts of time, effort and public funds to answer a motion to dismiss, participate in scheduling conferences, and attempt to negotiate a consent decree. It would have this Court deny Sporicidin's motion and require it to respond to the pending summary judgment motion on its merits.

The Court agrees that it would be unfair to the public to permit the government's efforts in this action to be wasted. Sporicidin's motion to withdraw is hereby DENIED. Sporicidin is ALLOWED fifteen (15) days from the date on this Order in which to respond to the government's motion.